**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JIMMY CHARLES JOHNSON, #727145,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:02-CV-1116-G-BK** |
| | § | |
| **JANIE COCKRELL, Director** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the *pro se* Petitioner's *Amended Motion for Leave to File for Reinstatement in Local Rule 42.2*, Doc. 18, and *Amended Motion for Leave to File Writ of Habeas Corpus ad Testificandum*, Doc. 20, which were referred to the United States Magistrate Judge on February 12, 2025, Doc. 19, and April 1, 2015, respectively (unnumbered docket entry).  Both motions should be **DENIED**.

**I.**

In 1994, Petitioner was convicted of murder and was sentenced to life imprisonment.  *See State v. Johnson*, No. F95-72894 (292nd Judicial District Court, Dallas County, 1994), *aff'd*,  No. 05-95-01249-CR (Tex. App. 1997, pet ref'd).  After unsuccessfully challenging his conviction in state habeas proceedings, Petitioner sought federal habeas relief.  However, the one-year statute of limitations had elapsed by the time he filed his petition, and the Court dismissed his case with prejudice as untimely.  *See* October 29, 2002 Magistrate Judge's Recommendation, Doc. 9 at 3-6, accepted by District Judge on November 22, 2002.  Doc. 14; Doc. 15.   Petitioner neither appealed nor filed a motion for reconsideration.

1

More than twelve years later, in January 2015, Petitioner unsuccessfully sought leave to: (1) alter and amend the judgment, (2) file an appeal, (3) object to the Magistrate Judge's recommendation dismissing his case, and (4) raise new substantive claims.  Doc. 16 at 1, 3, 14-18.   Construing the motion as a successive habeas petition, the Court dismissed it without prejudice to Petitioner seeking leave to file from the United States Court of Appeals for the Fifth Circuit.  Doc. 17.  In the alternative, to the extent Petitioner sought relief under Rule 60(b) of the Federal Rules of Civil Procedure, the motion was denied.  Doc. 17

## II.

Petitioner's instant motions are difficult to decipher.  However, by his *Amended Motion for Leave to file for Reinstatement in Local Rule 42.2*, Petitioner appears to object to the District Court's January 2015 order denying his motion to alter or amend judgment and seek permission to appeal to a different judicial officer or to the Court of Appeals.  Doc. 18 at 1-2.  He also requests that his federal habeas petition be reinstated so that he can prove his innocence.  Doc. 18 at 3, 5.  He once again cites to Rule 60(b), and suggests various grounds for review related thereto.  Doc. 18 at 4-8.

Petitioner's *Amended Motion for Leave to File Writ of Habeas Corpus ad Testificandum* is nonsensical.  Petitioner cites various rules and statutes, including 42 U.S.C. § 1983 and habeas statutes and, thus, it is unclear if his motion relates to this or some other case(s).  Regardless, the motion never specifies the incarcerated witnesses to be produced or the proceeding in which their testimony is required.

## III.

Insofar as Petitioner requests reconsideration of the January 21, 2015, order denying his Rule 60(b) motion to alter or amend judgment, his motion should be denied.  Petitioner fails to

2

make the requisite showing under FED. R. CIV. P. 59(e). [1]  *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (There are four general grounds on which a court may alter or amend a final judgment under Rule 59(e):  (1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law).  Even when liberally construed, Petitioner's motion fails to demonstrate a manifest error of fact or law or present newly discovered evidence.  Nor has Petitioner shown the existence of an intervening change in the controlling law.  Moreover, to the extent Petitioner sought review by the appellate court of this Court's January 2015 order, the filing of a "notice of appeal" was required.

Additionally, insofar as Petitioner seeks to assert new grounds for habeas relief, including his actual innocence, his motion for reinstatement is the equivalent of a second or successive application, which the Court should dismiss without prejudice to Petitioner seeking leave to file from the United States Court of Appeals for the Fifth Circuit.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530-532 (2005) (a Rule 60(b) motion raising substantive claims challenging a state court conviction should be construed as a successive application; a Rule 60(b) motion advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits"); *Williams v. Thaler*, 602 F.3d 291, 303–04 (5th Cir. 2010) (extending *Gonzalez v. Crosby*  to a Rule 59(e) motion that advances a claim); 28 U.S.C. §

---

[1] The United States Court of Appeals for the Fifth Circuit has recognized a second post-judgment motion (filed as in this case within 28 days (formerly ten days) of the denial of Rule 60(b) relief) as a request for reconsideration under Rule 59(e).  *See Eleby v. Am. Med. Sys., Inc.,* 795 F.2d 411, 412-413 (5th Cir.1986) (permitting review of the ruling on the Rule 59(e) motion for the limited purpose of determining whether the district court erroneously denied reconsideration of Rule 60(b) relief).

3

2244(b)(3)(A) and (B) (before a petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing).

Lastly, the *Amended Motion for Leave to File Writ of Habeas Corpus ad Testificandum*, Doc. 20, should be denied, as no evidentiary hearing is necessary to the determination of any pending matter in this case, nor has any such proceeding been scheduled.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion for leave to file for reinstatement, Doc. 18, be **DENIED**.  Alternatively, construing the motion as a successive application, it is recommended that it be **DISMISSED** without prejudice to Petitioner seeking leave to file from the United States Court of Appeals for the Fifth Circuit.

In addition, it is recommended that Petitioner's motion for leave to file writ of habeas corpus ad testificandum, Doc. 20, be **DENIED**.

SIGNED April 2, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5